UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Case No. 1:25-cr-00229-TJK |
| LAMONT HAMMOND | : |

**MOTION FOR REVIEW OF MAGISTRATE JUDGE'S DETENTION ORDER**

Defendant Lamont Hammond, by and through undersigned counsel, pursuant to 18 U.S.C. § 3145(b) and the Excessive Bail Clause of the Eighth Amendment, respectfully moves this Court to review Magistrate Judge Moxila A. Upadhyaya's Detention Order and release Mr. Hammond to electronically monitored 24-hour home detention in light of his parole warrant, the absence of any allegation that he engaged in violence or used a weapon, and the dependability of his significant other to act as a third-party custodian were the Parole Board to release him pending disposition of this Instant Case. In support of this motion, Mr. Hammond states:

1. On August 11, 2025, Mr. Hammond appeared in Court for a detention hearing. The Honorable Moxila A. Upadhyaya, after hearing arguments, continued to detain Mr. Hammond. Mr. Hammond has remained incarcerated at the D.C. Central Detention Facility since July 11, 2025.

2. Mr. Hammond hereby incorporates by reference all statements made and exhibits attached in *DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION AND REQUEST TO EXECUTE PAROLE WARRANT*, which was filed on August 7, 2025.

1

3. Mr. Hammond further presents to this Honorable Court the following additional information for consideration:

   a. Mr. Hammond's placement in the High Intensity Supervision Unit upon his modification out of home confinement does not mean that Mr. Hammond is a danger to the community. The Honorable Moxila A. Upadhyaya commented on this fact in denying the defense's motion for release. However, undersigned counsel submits that this fact bares little to no weight as the unit supervising Mr. Hammond is due to him being on GPS monitoring following home confinement and nothing more.

   b. If the Court releases Mr. Hammond to home detention, he will not be released. Rather, the parole warrant will execute. The Parole Board will more likely than not keep Mr. Hammond detained pending disposition of this Instant Matter. In the event that the Parole Board were to release Mr. Hammond – extremely unlikely – Mr. Hammond would be in the custody of his significant other, under 24-hour detention. Mr. Hammond's significant other does not have weapons in the house and would not be able to acquire weapons even if he were to try, which he guarantees to this Honorable Court that he would not try.

WHEREFORE, for the forgoing reasons, and such other reasons as may be presented at a hearing on this motion, Mr. Hammond respectfully moves this Honorable Court to set conditions of release. Specifically, he requests release to the third-party custody of his significant other, on the condition that he comply with the requirements of the Pretrial Service Agency's High Intensity Supervision Program, including home detention and electronic GPS monitoring.

Date: September 17, 2025                                       Respectfully submitted,

Camille Wagner
(DC Bar No. 1659390)
1629 K Street NW, Ste 300
Washington DC 20006
(202)492-4659
law@myattorneywagner.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of September 2025, I caused a true and correct copy of the foregoing Motion to be delivered via ECF to the Parties in this matter.

/s/ Camille Wagner